**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| SEUI CAVAN,<br><br>  Plaintiff,<br><br>  v.<br><br>THOMAS MAYER, PETER BENNET,<br>MICHAEL WEBER, and HEIDI VOSS *in their individual capacities,*<br><br>  Defendants. | Civil No. 18-2568 (JRT/BRT)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION, AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Seui Cavan, No. 08947-030, FPC Duluth, P.O. Box 1000, Duluth, MN 55814, *pro se* plaintiff.

Angela M. Nelson and Jennifer M. Waterworth, **GISLASON & HUNTER LLP**, 701 Xenia Ave. S., Ste. 500, Minneapolis, MN 55416, for Defendant Mayer.

Andrew Tweeten, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 S. Fourth St., Ste 600, Minneapolis MN 55415, for Defendants Bennet, Weber, and Voss.

Plaintiff Seui Cavan brought a *Bivens* action claiming that personnel at FCI Sandstone violated his Eighth Amendment rights while he was incarcerated at that facility. Defendants filed Motions to Dismiss, and Cavan agreed to dismiss Defendant Mayer. The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court dismiss Cavan's claims against three of the defendants, but recommending that the Court deny Defendant Weber's Motion to Dismiss. Weber

objected to the R&R.  Because Weber did not meet his burden to show that, as a matter of law, Cavan failed to exhaust prison administrative remedies prior to bringing suit, the Court overrules Weber's Objections and adopts the R&R in part.  Because, on a motion to dismiss, the Court assumes the allegations in a complaint are true, Weber's argument that he was not in fact responsible for giving Cavan a new work assignment fails, and the Court overrules Weber's Objections and adopts the R&R on the work assignment issue.  Finally, because *Bivens* claims allow for money damages but not injunctive relief, the Court will sustain Weber's Objections concerning the injunctive relief claim and dismiss Cavan's claim for such relief.

## BACKGROUND

While imprisoned at the Federal Correctional Institution in Sandstone, Minnesota, Plaintiff Seui Cavan brought a *Bivens*[1] action against Defendants Mayer, Bennet, Weber, and Voss in their individual capacities.[2]  (Compl., Aug. 31, 2018, Docket No. 1.)  Cavan amended the Complaint twice, leaving the Second Amended Complaint ("SAC") as the operative pleading.  (SAC, May 26, 2019, Docket No 58.)  Defendant Michael Weber is a

---

[1] A *Bivens* action is a cause of action alleging that federal officers, acting under color of federal authority, violated the Constitution.  *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

[2] Because only the claims against Weber are relevant to this Order, the Court will not discuss the allegations related to the other defendants.

Special Investigative Service technician at FCI Sandstone.[3] Cavan alleges cruel and unusual punishment and deliberate indifference in violation of the Eighth Amendment. (*Id*.) Cavan alleges that Weber deliberately gave him a work assignment that Weber knew would cause or exacerbate injury to Cavan. (SAC at 6A.) Cavan seeks injunctive relief in the form of a court order for certain medical treatment or consultations, as well as money damages. (*Id.* at 7A.)

Weber filed a Motion to Dismiss, arguing that Cavan had not exhausted his administrative remedies; that his claims were not cognizable under *Bivens*; that his claims were factually wrong; that Weber has qualified immunity; and that injunctive relief is not available under *Bivens*. (Mem. in Support of Mot. to Dismiss at 10-16, June 24, 2019, Docket No. 65.) Magistrate Judge David T. Schultz issued an R&R, dismissing the claims against Mayer, Bennet, and Voss, but declining to dismiss the claims against Weber. (Corrected R&R, Feb. 11, 2020, Docket No. 114.) Weber objected to the R&R. (Objs., Feb. 14, 2020, Docket No. 115.)

**DISCUSSION**

**I. STANDARD OF REVIEW**

Upon the filing of an R&R by a Magistrate Judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P.

---

[3] Weber asserts his title in his Motion to Dismiss but does not attach a declaration. (Mem. in Support of Mot. to Dismiss at 13, June 24, 2019, Docket No. 65.)

72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). On nondispositive matters, the Court reviews any portion of the Magistrate Judge's order that has been timely objected to, and will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* D. Minn. LR 72.2(a).

## II. WEBER'S OBJECTIONS

Weber objects to the R&R on three grounds: that the Magistrate Judge erred in finding that Cavan had exhausted his administrative remedies; that the Magistrate Judge should have found that Weber did not in fact reassign Cavan; and that the Magistrate Judge should have dismissed Cavan's claims for injunctive relief.

### A. Failure to Exhaust Administrative Remedies

Weber argues that the Magistrate Judge erred in finding that Cavan had plausibly pleaded that the prison's exhaustion remedies were not available. Specifically, Weber argues that (1) Cavan had the burden of proving exhaustion, (2) the grievance forms attached to the SAC do not relate to any claims against Weber, and (3) the Magistrate Judge improperly added facts to the SAC in order to reach his conclusion that the SAC sufficiently pleaded that administrative remedies were unavailable.

The Prison Litigation Reform Act of 1995 ("PLRA") requires prisoners to exhaust prison grievance procedures before filing suit. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549

U.S. 199, 202 (2007). The Supreme Court has held that "failure to exhaust is an affirmative defense under the PLRA" and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. The defendant has the burden to plead and to prove an affirmative defense. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005). Furthermore, as a rule, an affirmative defense can only be a basis for a motion to dismiss the when the existence of the defense is clearly evident on the face of the complaint. *See Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008)

In the case of failure to exhaust under the PLRA, the defendant must show that specific administrative remedies exist at the prison and outline the procedure for exhaustion. *Cf. Minter v. Bartruff*, 939 F.3d 925, 928 (8th Cir. 2019). The defendant would also have to demonstrate that the complaining prisoner failed to exhaust such remedies. However, even if the defendant can successfully demonstrate both the existence of procedures and the prisoner's failure to exhaust them, the prisoner may still allege that the procedures and remedies are not in fact "available." *See Townsend v. Murphy*, 898 F.3d 780, 783 (8th Cir. 2018). "The availability of a remedy . . . is about more than just whether an administrative procedure is 'on the books.' . . . An administrative remedy is 'not capable of use,' and therefore unavailable, for example, 'when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id. (*quoting *Ross v. Blake*, 136 S.Ct. 1850, 1859-60

(2016)); *see also Minter*, 939 F.3d at 928 (Even "if Defendants identify a specific remedy, Plaintiffs have the opportunity to contest whether that remedy is 'available.'")

Here, the Magistrate Judge erred in finding that Cavan bore the burden of demonstrating exhaustion, and Weber repeats the error in his Objections. Instead, it is Weber, as the party seeking to show failure to exhaust, who bears the burden. Weber's Motion did explain the prison's administrative procedure for complaints, and argued that Cavan had failed to exhaust his administrative remedies. However, Cavan alleged in the SAC and its exhibits that he was unable to utilize these remedies because prison counselors threatened to shred his forms, that he has seen a counselor shred a form, and that the prison is known for such actions. Such allegations are sufficient to call into question whether administrative remedies were truly "available." As such, the Court cannot find at the Motion to Dismiss stage that Weber has shown, as a matter of law, that Cavan failed to exhaust his administrative remedies. Accordingly, the Court will overrule Weber's Objections, adopt the R&R in part, and will deny Weber's Motion to Dismiss on this ground.

### B. Weber's Actual Job Duties

Weber also argues that the Magistrate Judge erred by not finding that Weber did not in fact reassign Cavan to another job. Weber argues that he is not responsible for prisoner work assignments, and that this responsibility instead falls to the prison's Unit

Team. In his complaint, Cavan alleges that Weber instructed the Unit Team to place him in the work assignment.

When considering a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir.2002). The Court assumes all the facts to be true. *Id.* Furthermore, the Court holds *pro se* plaintiffs to a less stringent standard on motions to dismiss. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir.1984).

Construing the Amended Complaint liberally and affording Cavan all reasonable inferences, the Court finds that he has adequately stated a claim. Weber disagrees with Cavan's factual assertions, but at the Motion to Dismiss stage the Court assumes all factual assertions are true. Accordingly, the Court will overrule Weber's Objections, adopt the R&R, and will deny Weber's Motion to Dismiss on this ground.

### C. Injunctive Relief

Weber argues that the Magistrate Judge erred in failing to dismiss Cavan's claims of injunctive relief against Weber.

In *Bivens*, the Supreme Court found that "petitioner is entitled to recover *money damages* for any injuries he has suffered as a result of the agents' violation of the [Fourth] Amendment." *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971) (emphasis added). The Eighth Circuit has not spoken specifically as to

whether a *Bivens* claim may include injunctive relief. On the whole, however, courts have concluded that a *Bivens* claimant may only recover money damages and is not entitled to injunctive relief. *See Solida v. McKelvey*, 820 F.3d 1090, 1093–94 (9th Cir. 2016), *Higazy v. Templeton*, 505 F.3d 161, 169 (2nd Cir. 2007), *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005). The Court finds that the logic of *Bivens* limits such claims to money damages. Accordingly, the Court will sustain Weber's Objections as to Cavan's claims for injunctive relief.

## III. REMAINDER OF R&R

Because neither Cavan nor the other Defendants objected to the R&R, and finding no clear error, the Court will adopt the remainder of its recommendations, including on Cavan's Motion to Dismiss Mayer, Mayer's Motion for Summary Judgment and/or Dismissal, Bennet's and Voss's Motion to Dismiss, and Cavan's miscellaneous other Motions. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES in part and SUSTAINS in part** Weber's Objections [Docket No. 115] and **ADOPTS in part** the Magistrate Judge's Report and Recommendation dated October 18, 2019, [Docket No. 114]. Therefore, **IT IS HEREBY ORDERED** that

1. Cavan's Motion to Dismiss Mayer [Docket No. 111] is **GRANTED** and all claims against Mayer are **DISMISSED without prejudice;**

2. Mayer's Motion for Summary Judgment and/or Dismissal [Docket No. 86] is **DENIED as moot**;

3. Bennet and Voss' Motion to Dismiss [Docket No. 63] is **GRANTED, and all** claims against Bennet and Voss are **DISMISSED without prejudice**;

4. Weber's Motion to Dismiss [Docket No. 63] is **GRANTED in part**. Cavan's claims for injunctive relief are **DISMISSED with prejudice**. The remainder of Weber's Motion to Dismiss is **DENIED**;

5. Cavan's Motion [Docket No. 74] and Omnibus Motion [Docket No. 82] are **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 13, 2020            _____*s/John R. Tunheim*_____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
           Chief Judge
           United States District Court